IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
ORLANDO ALVARADO,                )
                                 )
          Petitioner,            )
                                 )
     v.                          )    NO. 3:08-CV-0197
                                 )
SUPERTINENDENT, BELLAMY          )
CREEK CORRECTIONAL FACILITY,     )
                                 )
          Respondent.            )
```

**OPINION AND ORDER**

This matter is before the court *sua sponte* on the question of whether this petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner Orlando Alvarado, a prisoner confined at the Bellamy Creek Correctional Facility in Michigan, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He stated that he "is attacking a judgment from Hon. Jerome Frese to have him extradited to St. Joseph County Jail, South Bend Indiana" to face pending charges there.(Petition at p. 2).

The petitioner has now filed an amended petition clarifying his situation. According to the amended petition, an Indiana court has issued a warrant for him, which resulted in Michigan issuing a fugitive from justice warrant. The petitioner states in paragraph 9(a) of his amended petition that on October 28, 2008, he filed a

petition for writ of habeas corpus in the St. Joseph Superior Court challenging Indiana's continuing warrant, but that court has not yet acted on the petition.

DISCUSSION

Section 28 U.S.C. 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

Alvarado concedes in paragraph 9(c)(8) of his amended petition that he has not presented his claims to the Indiana Supreme Court because he has not yet received a decision from the trial court on his state petition for writ of habeas corpus. Where delay by state courts in dealing with a prisoner's state court proceedings has been inordinate, a Federal Court may excuse the failure to fully exhaust those claims. To proceed to the merits of the habeas petition, the delay must be both inordinate and unjustifiable. In *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981), the court held that where a petitioner's motion for post conviction relief "had lain dormant for nearly three and one-half years despite his

attempts by writing to the state court judge, to obtain a ruling on his motion," the district court should consider whether there has been inordinate delay justifying excusing the exhaustion requirement. Here, however, Alvarado's state petition for writ of habeas corpus has only been pending since October 8, 2008, so the state trial court has clearly not inordinately delayed a decision in that case.

Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. There is no suggestion here that Indiana's corrective process is not capable of protecting the rights of the applicant, and Alvarado's petition does not meet the requirements necessary for this court to excuse the exhaustion doctrine. Accordingly, this petition must be dismissed because the petitioner has not exhausted his state court remedies. The dismissal will be without prejudice to his right to file a new petition for writ of habeas corpus raising these claims after he has exhausted his state court remedies.

CONCLUSION

For the foregoing reasons, the court **DISMISSES** this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

**DATED: January 8, 2009**                  /S/RUDY LOZANO, Judge
                                                    **United States District Court**