IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ORLANDO ALVARADO,          )
                           )
        Petitioner,        )
                           )
    v.                     )   NO. 3:08-CV-0197
                           )
SUPERINTENDENT, BELLAMY    )
CREEK CORRECTIONAL FACILITY, )
                           )
        Respondent.        )

**OPINION AND ORDER**

This matter is before the court on petitioner Orlando Alvarado's motion to reconsider the dismissal of his petition for writ of habeas corpus. For the reasons stated in this order, the court **DENIES** the Petitioner's motion for reconsideration.

BACKGROUND

the Petitioner, a prisoner confined at the Bellamy Creek Correctional Facility in Michigan, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He stated that he "is attacking a judgment from Hon. Jerome Frese to have him extradited to St. Joseph County Jail, South Bend Indiana" to face pending charges there. (Petition at p. 2). The Petitioner filed an amended petition clarifying his situation. According to the amended petition, an Indiana court has issued a warrant for him, which resulted in Michigan issuing a fugitive from justice warrant. The Petitioner states in paragraph 9(a) of his amended petition that on

October 28, 2008, he filed a petition for writ of habeas corpus in the St. Joseph Superior Court challenging Indiana's continuing warrant, but that court had not yet acted on the petition.

On January 8, 2009, the court dismissed this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court because the Petitioner has not exhausted his state court remedies. The Petitioner filed his motion for reconsideration on January 22, 2009.

DISCUSSION

Alvarado has filed a motion to vacate the judgment and reinstate his petition for writ of habeas corpus.

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. Ill.) (Citations omitted).

"A motion to alter or amend judgment must be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). Alvarado signed his motion to reconsider on January 16, 2009, within ten days of the judgment. The clerk of this court received

2

the motion on January 22, 2009. Pursuant to the mail-box rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the court will assume for the purposes of this memorandum that Alvarado filed his motion to reconsider on January 8, 2009, the date he states that he submitted it to prison officials for mailing. Accordingly, the court will treat Alvarado's motion as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59.

The Petitioner's sole argument is that the state trial court "denied Petitioner[']s habeas corpus before the decision was rendered in this case," and that "[a] guarantee of denial of the <u>issue</u> is forthcoming from any appeal in State Court." (DE 8) (Emphasis in original). Alvarado asserts that the time he is serving may be expired if this case is not heard before exhaustion in the Indiana courts and that "hardships and fairness allows this court to hear this Petition." (*Id.*).

Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. Alvarado's petition does not meet the requirements necessary for this court to excuse the exhaustion doctrine.

> State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *Rose v. Lundy*, 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761

> (1950). This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance. Ibid. See also *Duckworth v. Serrano*, 454 U.S. 1, 3-4, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam); *Rose v. Lundy*, supra, at 515-516, 102 S.Ct. 1198.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

In *Duckworth v. Serrano*, the circuit court acknowledged that Serrano's ineffective-assistance argument had never been presented to the state courts. Nevertheless, it decided that "in view of the clear violation" of respondent's rights and "in the interest of judicial economy," there was no reason to await the state court's consideration of the issue. *Duckworth v. Serrano*, 454 U.S. at 2. The Supreme Court disagreed, noting that:

> No cases were cited by the Court of Appeals in support of its decision. Nor could such support reasonably be found. It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts. The exhaustion requirement, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights. An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.

*Duckworth v. Serrano*, 454 U.S. at 3. (Citations and footnotes omitted). The court concluded that "[b]ecause obvious constitutional errors, no less than obscure transgressions, are subject to the

4

requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition." *Id.*

Alvarado does not deny that he may appeal the state trial court's denial of his state habeas petition to the Indiana appellate and supreme courts. His argument that such an appeal is "guaranteed" to result in an affirmance of the trial court's decision does not excuse exhaustion of his state court remedies. This court does not see any "obvious constitutional errors" in Alvarado's petition, but even if it did, *Duckworth v. Serrano* would require it to await the decision of the Indiana appellate and supreme courts, and address those issues only if the state courts declined to do so.

CONCLUSION

For the foregoing reasons, the court **DENIES** the Petitioner's motion for reconsideration (DE 8).

**DATED: May 21, 2009**                    /S/RUDY LOZANO, Judge
                                           **United States District Court**